**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR AUGUSTO AVELAR, et al., | No. 23-4043 |
| Petitioners, | Agency Nos. |
| v. | A240-762-797 |
| | A240-762-798 |
| PAMELA BONDI, Attorney General, | A240-762-711 |
| | A240-762-712 |
| | A240-762-710 |
| Respondent. | |
| | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Cesar Augusto Avelar, Blanca Morena Palma-De Avelar, and their three minor children are natives and citizens of El Salvador. They petition for review of a decision of the Board of Immigration Appeals ("BIA") summarily dismissing their appeal of an order of an Immigration Judge ("IJ") denying Avelar's and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Palma-De Avelar's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. "We review for abuse of discretion the BIA's summary dismissal of an appeal." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). We deny the petition.

1. In their brief, Petitioners offer no argument about the BIA's summary dismissal of their appeal. As such, Petitioners have forfeited any challenge to that dismissal. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not "specifically and distinctly" argued in a party's opening brief are forfeited).

**PETITION DENIED.**[2]

---

[1] Avelar's and Palma-De Avelar's children are derivative beneficiaries of their asylum applications. Their children did not, however, file separate applications for withholding of removal and CAT protection. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

[2] The temporary stay of removal remains in place until the mandate issues.